UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY GRIGSBY,           )
                           )
        Petitioner,        )
                           )   No. 3:11 CV 434
    v.                     )
                           )
SUPERINTENDENT,            )
                           )
        Respondent.        )

## OPINION AND ORDER

Anthony Grigsby, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding which was held on June 28, 2011, at the Westville Correctional Facility. At that hearing, the Disciplinary Hearing Body (DHB) found him guilty of Fraud in violation of A-100 and deprived him of 60 days earned credit time. Grigsby lists five separately numbered grounds in his habeas corpus petition, but because two of them present the same issue, this opinion consolidates them into four.

Grigsby's first and fourth grounds argue that the DHB was prejudiced and unable to render an impartial decision. He argues that the decision was arbitrary and capricious. "Adjudicators are entitled to a presumption of honesty and integrity and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citations omitted). "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the

procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999).

> To guard against arbitrary decision making, the impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing, but it does not require disqualification of a decision maker who is only "tangentially involved."

*Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000). Here, Grigsby presents neither an argument nor evidence that the DHB was directly or substantially involved in the underlying incident or its investigation. Rather he merely argues that the DHB only had one member and that there was insufficient evidence to find him guilty.

Though *Wolff v. McDonnell*, 418 U.S. 539, 550 (1974), requires an impartial decision maker, it does not define how many factfinders are required. Therefore it is irrelevant that the DHB had only one member. Additionally, there was sufficient evidence to find him guilty. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the Report of Investigation shows that Grigsby had $621.90 sent to his account by another inmate. It also shows that the same inmate paid $311.48 for eight packages that were shipped to Grigsby. During the investigation, Grigsby did not deny receiving money and packages, rather he said that they were payment for a portrait of the other inmate's mother and sister. The other inmate told a different story. He said that he had not had any artwork done by Grigsby or anyone else. He said that his financial information had been stolen from his property box and that money had been deducted from his savings account without his permission. The report also says that Grigsby was on the same dorm as the victim and had access to the property box. Though Grigsby argues that other offenders also had access to the property box, that is irrelevant. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) and *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992). In addition, even if Grigsby were not the one who took the financial information from the other inmate's property box, the fact that he received nearly a thousand dollars from that inmate's savings account is some evidence that he is guilty.

Second, Grigsby argues that he was denied the opportunity to present evidence to the DHB. Specifically, he alleges that he was denied a detailed list of the packages that were ordered and shipped to him. Though an accused inmate has the right to present relevant, exculpatory evidence, *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), here Grigsby waived that right when he was screened. On the screening report, Grigsby indicated that "I do not request any physical evidence." (DE # 1-1 at 5.) Therefore he

was not denied due process. *See Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997). ("The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses.")

Third, Grigsby argues that the DHB did not adequately review the statements of his witnesses who attested that Grigsby had done art work for various inmates including the victim in this case.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Superintendent v. Hill*, 472 U.S. 445, 457 (1985) (quotations marks and citation omitted). Grigsby's argument that the DHB did not adequately consider his witness statements is merely an invitation for this court to re-weigh the evidence. As previously explained, this record presents sufficient evidence of Grigsby's guilt and it is not for this court to re-weigh the evidence.

Finally, Grigsby argues that he was denied due process when the prison took money from his inmate trust account as restitution. This is not a basis for habeas corpus relief. As Grigsby notes, the DHB did not order restitution. A prison disciplinary action that results in the lengthening of the duration of confinement can only be challenged with a habeas corpus petition. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). But , "[s]tate prisoners who want to raise a constitutional challenge to any other decision . . . must instead employ § 1983 or another statute authorizing damages or injunctions . . .."

4

*Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) (citations omitted). Thus, if Grigsby wants to challenge the removal of money from his inmate trust account, he must file a 42 U.S.C. § 1983 Complaint. Pursuant to *Glaus v. Anderson*, 408 F.3d 382, 390 (7th Cir. 2005), Grigsby is notified that even though he will be sent a 42 U.S.C. § 1983 Prisoner Complaint packet, the court expresses no opinion as to the merits or wisdom of filing such a case. Furthermore, he is cautioned that if he does so, he will have to pay the filing fee for such a case either in advance or over time and, if the case is found to be meritless, he may incur a "strike" pursuant to 28 U.S.C. § 1915(g).

For the foregoing reasons, the habeas corpus petition is **DENIED** and the clerk is **DIRECTED** to send Anthony Grigsby a 42 U.S.C. § 1983 Prisoner Complaint packet.

                              **SO ORDERED.**

Date: February 10, 2012

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT